IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANH LUONG, H-11034, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> R. GROUNDS, Acting Warden, ) <br> ) <br> Respondent(s). ) <br> _____ ) | No. C 10-3063 CRB (PR) <br><br> ORDER TO SHOW CAUSE |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' ("BPH") January 28, 2009 decision to deny him parole.

**BACKGROUND**

On July 3, 1991, petitioner was sentenced to an indeterminate term of seven years to life in state prison after a jury in Los Angeles County Superior Court found him guilty of kidnapping for robbery.

Petitioner has been found not suitable for parole each time he has appeared before the BPH. On June 9, 2010, the Supreme Court of California denied his state habeas challenge to the BPH's decision of January 28, 2009.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner seeks federal habeas corpus relief from the BPH's January 28, 2009 decision finding him not suitable for parole on the ground that the decision does not comport with due process because it is not supported by some evidence demonstrating that he poses a current unreasonable threat to the public. Liberally construed, petitioner's claim appears colorable under § 2254 and merits an answer from respondent. <u>See</u> <u>Hayward v. Marshall</u>, 603 F.3d 546, 561-64 (9th Cir. 2010) (en banc) (finding cognizable on federal habeas review claims that California parole denials were made without some evidence of future dangerousness).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule

1  5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
2  habeas corpus should not be issued. Respondent shall file with the answer and
3  serve on petitioner a copy of all portions of the state trial record that have been
4  transcribed previously and that are relevant to a determination of the issues
5  presented by the petition.
6       3.    If petitioner wishes to respond to the answer, he shall do so by
7  filing a traverse with the court and serving it on respondent within 30 days of his
8  receipt of the answer.
9  SO ORDERED.
10 DATED:  Nov. 9, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Luong, C1.osc.wpd

3