IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANH LUONG, H-11034,       )<br>                              )<br>        Petitioner,            )<br>                              )<br>   vs.                        )<br>                              )<br>R. GROUNDS, Acting Warden,    )<br>                              )<br>        Respondent(s).         )<br>_____) | No. C 10-3063 CRB (PR)<br><br>ORDER DENYING<br>PETITION FOR A WRIT OF<br>HABEAS CORPUS |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' (BPH) January 28, 2009 decision to deny him parole. Petitioner specifically claims that the decision does not comport with due process because it is not supported by some evidence demonstrating that he poses a current unreasonable threat to the public.

In the context of parole, a prisoner subject to a parole statute similar to California's receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied. Swarthout v. Cooke, No. 10-333, slip op. at 4-5 (U.S. Jan. 24, 2011). The record shows petitioner received at least this amount of process. The Constitution does not require more. Id. at 5.

1  Whether BPH's decision was supported by some evidence of current
2  dangerousness is irrelevant in federal habeas.  The Supreme Court has made clear
3  that "it is no federal concern . . . whether California's 'some evidence' rule of
4  judicial review (a procedure beyond what the Constitution demands) was
5  correctly applied." Id. at 6.
6  For the foregoing reasons, the petition for a writ of habeas corpus is
7  DENIED.  And pursuant to Rule 11 of the Rules Governing Section 2254 Cases,
8  a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED
9  because it cannot be said that "reasonable jurists would find the district court's
10  assessment of the constitutional claims debatable or wrong." Slack v. McDaniel,
11  529 U.S. 473, 484 (2000).
12  The clerk shall enter judgment in favor of respondent and close the file.
13  SO ORDERED.
14  DATED: Jan. 25, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Luong, C1.denial.wpd

2